# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MEDINA, et al., CDCR #K-10425,<br><br>Plaintiffs,<br><br>vs.<br><br>WARDEN, California Men's Colony East, et al.,<br><br>Defendants. | Civil No.   08-0375 WQH (RBB)<br><br>**ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION PURSUANT TO 28 U.S.C. §§ 84(c)(2), 1391(b) AND 1406(a)** |

Ernest Medina ("Plaintiff"), a prisoner currently incarcerated at California Men's Colony ("CMC") in San Luis Obispo, California, has submitted a civil rights Complaint pursuant to 42 U.S.C. § 1983. On behalf of himself and two other CMC inmates, Plaintiff claims the Warden, various medical officials and other members of CMC correctional staff have "threatened [him] with force," and have involuntarily medicated him in violation of the Eighth Amendment. *See* Compl. at 8-11. Plaintiff seeks injunctive relief as well as general and punitive damages. *Id.* at 14.

Plaintiff has not prepaid the $350 civil filing fee required by 28 U.S.C. § 1914(a); instead he has filed as a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

## I.

## Venue

An initial review of this action reveals that Plaintiff's case lacks proper venue. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff is currently incarcerated in CMC in San Luis Obispo, where he claims the Warden and correctional staff violated his constitutional rights. *See* Compl. at 12. CMC is located in San Luis Obispo County, which is within the jurisdictional confines of the Central District of California, Western Division. *See* 28 U.S.C. § 84(c)(2) ("The Central District [of California] comprises 3 divisions.... (2) The Western Division comprises the counties of Los Angeles, San Luis Obispo, Santa Barbara and Ventura."). Moreover, all Defendants are employed at CMC, and are alleged to reside in San Luis Obispo. *See* Compl. at 3-7. No Defendant is alleged to reside in the Southern District. *See* 28 U.S.C. § 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego.").

Therefore, venue is proper in the Central District of California, Western Division, pursuant to 28 U.S.C. § 84(c)(2), but not in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

///


## II.

## Conclusion and Order

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of the Court shall transfer this case for lack of proper venue, in the interests of justice and for the convenience of all parties, to the docket of the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. § 84(c)(2), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).[1]

DATED: March 6, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

---

[1] Because the Court finds transfer appropriate, it defers ruling on Plaintiff's Motion to Proceed IFP to the Central District [Doc. No. 2] and expresses no opinion as to whether Plaintiffs' Complaint alleges facts sufficient to survive the mandatory sua sponte screening provisions of 28 U.S.C. §§ 1915(e)(2) & 1915A.